IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ROEBUCK, INC., d/b/a ROEBUCK LANDING GROCERY & BAIT, )<br><br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Defendant. | CIVIL ACTION NO. 05-0616-CB-C |

## OPINION and ORDER

This matter involves an administrative appeal of a final administrative decision issued by the United States Department of Agriculture Food and Nutrition Service (FNS). The United States has filed a motion to dismiss for lack of subject matter jurisdiction or, alternatively, for failure to state a claim upon which relief can be granted. (Doc. 7) After considering the complaint in light of the issues raised in the motion to dismiss and plaintiff's response thereto, the Court finds that the motion is due to be granted for the reasons set forth below.

**Background**

Roebuck, Inc. d/b/a Roebuck Landing Grocery & Bait (Roebuck) is a general merchandise store located in Akron, Hale County, Alabama. Roebuck is incorporated under the laws of the state of Alabama and is owned and run by Sybil and Ronald Higginbotham. On October 6, 2004, Roebuck was notified that it would be permanently disqualified from participation in the Food Stamp Program for allegedly trafficking in food stamps, which is essentially buying or selling food stamps for cash or some other consideration besides food. Roebuck denies that it trafficked in food stamps, but it did not appeal.

The October 6, 2004 notice was a final administrative decision, and was addressed to

"Sybil Higginbotham, Owner." Roebuck had been previously notified of the trafficking charges and had sought and received administrative review. Before the final decision, FNS notified Roebuck that it could request a Civil Monetary Penalty (CMP) in lieu of a permanent disqualification. Roebuck made no such request. In the notification of permanent disqualification, FNS advised Roebuck that it had the right to seek judicial review of the final decision within 30 days of receipt. Roebuck did not request judicial review.

On August 1, 2005, Roebuck filed an application for authorization to participate in the Food Stamp Program. The application, which was signed by Mr. Higginbotham, was denied by letter dated August 5, 2005, which gave the following reason for denial:

> On July 27, 2004 Roebuck Landing Grocery under the ownership of Sybil Higginbotham was permanently disqualified from participation in the Food Stamp Program. You were the store manager at that time. Therefore, under [7 C.F.R.] § 278.1(k) of the regulations your applications for authorization is denied.

(Deft.'s. Rsp, Doc. 13, Ex. A). Roebuck appealed, and the denial was sustained on administrative review by letter dated September 26, 2005. In that letter, the reviewing officer noted that the letter requesting review protested the 2004 permanent disqualification. (Compl., Ex. A.) The review letter stated, *inter alia*, that "[t]h[e] sanction of permanent disqualification cannot be reviewed in this context except on a fact-finding basis to conclude that the penalty is still in effect under the provision Roebuck filed the instant complaint on October 26, 2005 seeking review of the September 26, 2005 final administrative decision.

**Plaintiff's Complaint**

In its complaint, Roebuck alleges that it "has never engaged in trafficking and the 'evidence' relied on by the FNS [in the 2004 determination] supports no such determination." (Compl. ¶ 9.) Further, plaintiff explains its failure to appeal the 2004 determination, stating,

"Rather than undertake a protracted and expensive fight over the FNS determination, Roebuck voluntarily chose to wait almost a year to re-apply for participation in the Food Stamp Program. . . . Roebuck's August 1, 2005 application, however, was summarily rejected based solely on the October 6, 2004 determination. . . . Neither administrative office indicated how long Roebuck had to wait, even assuming the correctness of the trafficking charge, before it would again be allowed to participate, contrary to the requirements of the applicable regulations." (*Id.* ¶¶ 10-11.) As relief, plaintiff requests that the Court set the matter for trial and reverse the FNS's September 26, 2005 determination. Alternatively, Roebuck requests that the Court reduce the permanent disqualification imposed by the FNS to a temporary one and fix a period of disqualification.

**Issues Raised**

Stated broadly, the first issue before the Court is one of subject matter jurisdiction–whether the complaint raises a timely claim that falls within the United States' conditional waiver of sovereign immunity found in 7 U.S.C. § 2023. That question depends, in turn, upon which administrative decision is being appealed in this action. Not surprisingly, the parties do not agree on this point. The United States argues that the complaint is nothing more than an untimely appeal of the 2004 decision to permanently disqualify Roebuck, while Roebuck argues that the complaint is a timely appeal of the 2005 decision denying its application for reinstatement to the Food Stamp Program. The United States has also asserted an alternative ground for dismissal under Fed. R. Civ. P. 12(b)(6), that is, that the complaint fails to state a claim upon which relief may be granted because it has been permanently disqualified from participation in the Food Stamp Program. The Court concludes that, technically speaking, the

complaint raises a timely appeal of the 2005 decision denying plaintiff's application to participate in the Food Stamp Program. However, because plaintiff had been "permanently disqualified" from participating in the program, there is no set of facts that would entitle plaintiff to relief.

**Discussion**

"Jurisdiction over any suit against the Government requires a clear statement from the United States waiving sovereign immunity together with a claim falling within the terms of the waiver." *U.S. v. White Mountain Apache Tribe,* 537 U.S. 465, 472 (2003) (internal citations and quotations omitted). "Moreover, a waiver of the Government's sovereign immunity will be strictly construed, in terms of its scope, in favor of the sovereign." *Lane v. Pena*, 518 U.S. 187, 192 (1996). The waiver of sovereign immunity under which plaintiff brings suit is found in 7 U.S.C. § 2023, which sets out the prerequisites for judicial review of a denial or disqualification of a retail food store, among others, from the Food Stamp Program. First, when a store receives the initial notice of the denial or disqualification, it has ten days to submit a written request to submit additional information. 7 U.S.C. § 2023(a)(3). This evidence, along with other available information, is reviewed by the designee of the Secretary of the Department of Agriculture, who renders a final determination. 7 U.S.C. § 2023(a)(5). Within 30 days after receiving notice of a final determination, the store may seek judicial review by filing suit in district court "requesting the court to set aside such determination." 7 U.S.C. § 2023(a)(13). Consequently, a court has subject matter jurisdiction to set aside a disqualification or denial of participation only if the store that was disqualified or denied complies with the foregoing procedures.

Here, the parties point to two different final determinations in their efforts to prove, or

negate, subject matter jurisdiction.  The defendant argues that plaintiff's complaint is actually an appeal of the 2004 permanent disqualification, while plaintiff argues that it is an appeal of the 2005 denial of plaintiff's post-disqualification application.  There is merit in both arguments.  While the complaint states that it is "an appeal from a September 26, 2005 administrative determination[,]" (Compl. at ¶ 1), it also asserts that the 2005 determination was "based solely on the October 6, 2004 determination [permanently disqualifying plaintiff from the Food Stamp Program for trafficking]" (*id.* at ¶ 11).  Furthermore, many of the complaint's factual allegations relate to the 2004 determination. It alleges, for example, that plaintiff "has never engaged in trafficking, and the 'evidence' relied on by the FNS supports no such determination" (*id.* at ¶ 9) and that plaintiff's 2005 application was denied "despite all of the requested information submitted by Roebuck in support of its application and in rebuttal of the trafficking charge" (*id.* ¶ 11).

The United States argues that the 2005 final determination really did not count because there was no authority that permitted Roebuck to reapply.  On the other hand, there appears to be no law or regulation prohibiting a permanently disqualified store from applying to participate in the Food Stamp Program, however futile that application may be.  *See, e.g.* 7 C.F.R. § 278.1(a) ("[a]ny firm desiring to participate or continue to be authorized in the program shall file an application as prescribed by FNS").   Because there is no limitation or qualification on who may apply, even permanently disqualified firms may apply to participate in the Food Stamp Program.  Plaintiff applied, was denied and has filed a timely complaint seeking judicial review. Therefore, the Court has subject matter jurisdiction over plaintiff's appeal of the denial of its 2005 application.  Plaintiff has won a pyrrhic victory, however, because there are no facts that would

justify the reversal of that denial.

In a lawsuit contesting the validity of the FNS's decision to deny participation in the Food Stamp Program, the Court must conduct "a trial de novo" and "determine the validity of the questioned administrative action in issue." 7 U.S.C. § 2023(a)(15). No factual issues need be resolved in this case because the allegations of the complaint and the attached administrative determination letter make clear that the FNS's denial was valid. Roebuck was "permanently disqualified" from the Food Stamp Program in 2004. That status had not changed when Roebuck reapplied in 2005.[1]

According to 7 C.F.R. § 278.1(k)(5) an application to participate in the Food Stamp Program "shall be denied" if the applicant's "participation in the program will not further the purposes of the program." It should be self-evident that participation of a permanently disqualified applicant will not further the purposes of the program.

**Conclusion**

The Court has subject matter jurisdiction to review the 2005 final determination denying plaintiff's application to participate in the Food Stamp Program. Because that plaintiff previously had been permanently disqualified from the program, the FNS's decision to deny the

---

[1] Plaintiff, in its response to the motion to dismiss, argues that the final determination letter implied that the FNS denied the application because of a change in ownership–from Sybil Higginbotham to Ronald Higginbotham– which the FNS found to be an attempt to circumvent the 2004 permanent disqualification. *See* 7 C.F.R. 278.1(k)(6) (application must be denied if firm has attempted to circumvent disqualification by change in ownership). Plaintiff asserts that this reason was invalid because "Roebuck has operated in its current business form since 2000." Apparently, the 2004 disqualification letter was sent to Sybil Higginbotham, as owner of Roebuck Landing Grocery. The 2005 application was made by Ronald Higginbotham CEO, Roebuck Landing Grocery. Whatever the technicalities of ownership, Roebuck Landing Grocery was permanently disqualified from the Food Stamp Program in 2004 and remained disqualified in 2005 when Roebuck, through Ronald Higginbotham, applied to participate in 2005.

application was valid. Therefore, defendant's motion to dismiss for lack of subject matter jurisdiction is **DENIED**, but defendant's alternative motion to dismiss for failure to state a claim is **GRANTED**.

    **DONE** and **ORDERED** this the 12th day of June, 2006.

    <u>*s/Charles R. Butler, Jr.*</u>
    **Senior United States District Judge**